| | |
|---|---|
| JANE DOE<br><br>                      Plaintiff,<br>    v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, et al.,<br><br>                      Defendants. | Civ. No. 2:18-cv-12952-KM-CLW<br><br>**OPINION & ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Defendant Nabil Adam's Motion to Compel Plaintiff to File an Amended Complaint Using Her Legal Name. (ECF No. 23). Defendant Periklis Papakonstantinou joins in the Motion. (ECF No. 26). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and, for the reasons set forth below, Defendants' Motions are **DENIED**.

## II. BACKGROUND

Plaintiff Jane Doe brings this action under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD") against Defendants Nabil Adam, Periklis Papakonstantinou, and Rutgers University. Plaintiff has been a student in the Rutgers Business School Ph.D. program since the summer of 2015. (Compl. ¶ 8). Plaintiff alleges that Dr. Nabil Adam, a Rutgers Business School Professor and Plaintiff's dissertation advisor, sexually assaulted Plaintiff in January 2016 and November 2017 and coerced Plaintiff into a sexual relationship. (*Id.* ¶¶ 19, 31, 32-37, 57). According to Plaintiff, Rutgers failed to appropriately investigate Plaintiff's allegations, failed to take adequate corrective measures, and perpetuated the hostile work environment created by Dr. Adam. (*Id.* ¶¶ 71, 73-76, 95). Plaintiff further alleges that Rutgers, Dr. Adam, and Rutgers Business School Assistant Professor Papakonstantinou retaliated against Plaintiff for coming forward with her allegations against Dr. Adam. (*Id.* ¶¶ 67-72, 77-83).

Throughout the litigation, Plaintiff has proceeded pseudonymously as Jane Doe. Adam now moves to compel Plaintiff to file an amended complaint under her real name in accordance with Federal Rule of Civil Procedure 10. (ECF No. 23). Papakonstantinou joins in Adam's Motion. (ECF No. 26). Rutgers has not opposed Plaintiff's use of a pseudonym.

## III. DISCUSSION

Federal Rule of Civil Procedure 10 requires plaintiffs to identify their real names in the Complaint. "[A] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir.2000)). Although the Federal Rules do not explicitly sanction the use of pseudonyms, courts have allowed plaintiffs to proceed pseudonymously when the plaintiff can demonstrate (1) "a fear of severe harm" from the public disclosure of her name and (2) "that the fear of severe harm is reasonable." *Id.* Crucially, a plaintiff's fear that she may "suffer embarrassment or economic harm is not enough." *Id.* (quoting *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 371 n. 2 (3d Cir.2008)).

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms that was first articulated in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997). The *Megless* court noted that this "list of factors is not comprehensive" and directed courts to consider the particular circumstances of each case. *Id*. at 409-10.

The factors that support a plaintiff's use of a pseudonym are: (1) "The extent to which the identity of the litigant has been kept confidential;" (2) "The bases upon which disclosure is feared….and the substantiality of these bases;" (3) "The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;" (4) "Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants identities;" (5) Whether the plaintiff would "refus[e] to pursue the case at the price of being publicly identified" and "the undesirability of an outcome adverse to the pseudonymous party;" and (6) "Whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id.* at 408. The factors that weigh against the use of pseudonyms are: (1) "The universal level of public interest in access to identities of litigants;" (2) "Whether, because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities;" and (3) "Whether the opposition to pseudonym by counsel, the public or press is illegitimately motivated." *Id.*

Under the *Megless* analysis, Plaintiff has successfully overcome the presumption that she should proceed using her real name. As discussed further below, out of the six *Megless* factors that support Plaintiff's use of a pseudonym, factors (1), (2), (3), and (6) apply here. The considerations that disfavor Plaintiff's anonymity do not outweigh these factors.

Factor (1) weighs in favor plaintiffs who "make substantial efforts to maintain anonymity" and "limi[t] the disclosure of sensitive information to few other people." *Doe v. Rider Univ.*, No. CV 16-4882 (BRM), 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018). Plaintiff has done so here. Plaintiff's name remained confidential throughout three Rutgers Office of Employment Equity ("OEE") investigations related to the allegations in the Complaint. In total, it appears from the record that less than fifteen people know Plaintiff's identity, the vast majority of whom were involved either in the underlying facts or in the OEE investigations.[1] Although Plaintiff willingly spoke with members of the media, she did so under the condition of anonymity, and her name was not disclosed in the resulting news articles. (Def.'s Br., Ex. F, ECF No. 23-7).

Defendant does not dispute this. Rather, Defendant makes an insupportable leap that because Plaintiff has revealed her identity to a limited circle of individuals, Plaintiff "has not taken any steps to maintain anonymity or keep her identity confidential." (Def.'s Br., ECF No. 23-10, at p. 8). Contrary to Defendant's assertion, this case stands in sharp contrast to instances where courts have found that anonymity would be futile because the plaintiff's name was already widely known. *See, e.g., Megless*, 654 F. 3d at 410 (plaintiff's name, picture and home address had been disclosed on a publicly circulated flyer); *B.L. v. Zong*, No. 3:15-CV-1327, 2017 WL 1036474, at *3–4 (M.D. Pa. Mar. 17, 2017) (alleged sexual assault victim had "engaged…in braggadocio" regarding the alleged assault, and his name had been publicly disclosed in another proceeding).

Under Factor (2), the court looks to "the bases upon which" Plaintiff fears disclosure of her identity, and the "substantiality of these bases." Plaintiff must demonstrate that she reasonably fears "severe harm" that exceeds mere "embarrassment." *Megless*, 654 F.3d at 408 (3d Cir. 2011). For example, a plaintiff who wished to keep his bipolar disorder diagnosis private was permitted to proceed pseudonymously in an ERISA action, in order to shield him from "embarrassment," "anxiety," and "stigmatization," which may have "aggravate[d] his condition." *Doe v. Hartford Life & Acc. Ins. Co*., 237 F.R.D. 545, 550 (D.N.J. 2006); *see also Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 468 (E.D. Pa. 1997) (allowing plaintiff to proceed anonymously in his suit for benefits based on disability from mental illness). On the other end of the spectrum, routine

---

[1] By Defendant's own admission, these individuals include: Dr. Adam, Dr. Adam's wife and adult son, Plaintiff's ex-husband, who is also a Rutgers Business School student, Rutgers Professor Jaideep Vaidya, six Rutgers officials, and two students whose names Plaintiff supplied to NJ Advance Media to corroborate her claim that she had told them about Dr. Adam's behavior. (Def.'s Br., ECF No. 23-10, at p. 8).

fears of professional and social embarrassment are insufficiently compelling. For example, the court ordered the plaintiff in a Fair Debt Collection Practices Act action to disclose his real name, despite the plaintiff's fear that his professional standing as a lawyer would be damaged if the legal community believed he was financially irresponsible. *Doe v. Law Offices of Robert A. Schuerger Co.*, No. CV1713105BRMDEA, 2018 WL 4258155, at *2 (D.N.J. Sept. 6, 2018). Similarly, the court denied Bucknell University students' motion to proceed anonymously in a lawsuit alleging that the University had conducted an illegal search of their fraternity that uncovered marijuana and small weapons. Plaintiffs' concerns that their reputations on campus and employment prospects would suffer if their names were revealed did not justify the use of pseudonyms. *K.W. v. Holtzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014).

Courts have come to different conclusions on where the mental and emotional harm faced by alleged victims of sexual assault and sexual harassment falls on this spectrum of harm. In *Doe v. Evans*, the court allowed a plaintiff who alleged that she was sexually assaulted by a state trooper to proceed anonymously in her lawsuit against the Pennsylvania State Police and individual defendants. 202 F.R.D. 173, 176 (E.D. Pa. 2001). The court held that the plaintiff's "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events is well-founded." *Id*. Conversely, in *Doe v. Court of Common Pleas of Butler Cty., PA*, the court compelled plaintiff, a probation officer who alleged that a state court judge required her to participate in a sexual relationship as a condition of her employment, to proceed using her real name. 2017 WL 5069333, at *1 (W.D. Pa. Nov. 3, 2017). The court reasoned that although "victims of sexual harassment and assault often face ridicule and further harassment when they file lawsuits," "these concerns…are not sufficient to outweigh the public's right to access court proceedings." *Id.* at *2.

Here, as in *Evans*, Plaintiff has a particularized and "well-founded" concern that she will experience severe emotional distress and mental anguish if her name is revealed publicly. Plaintiff alleges that she suffered "extreme psychological distress" as a result of Adam's actions, that her "mental health continued to decline" throughout their relationship, and that she attempted to commit suicide on three occasions. (Compl., ¶¶ 38, 42). Plaintiff further alleges that she "suffered a severe panic attack which caused her to be hospitalized for nine days" when Rutgers released the OEE Investigation Report on April 17, 2018. (*Id.* ¶ 77). In light of this alleged history of significant mental health issues and self-harm arising out of the underlying events, Plaintiff's contention that

4

she will suffer "emotional distress, mental anguish, anxiety…[and] humiliation" goes beyond a boilerplate assertion that she will be embarrassed if she is publicly identified. (Pl.'s Opp., ECF No. 29, at p. 12).

The third *Megless* factor – "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity" – further bolsters Plaintiff's use of a pseudonym. There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs. *See, e.g., Evans*, 202 F.R.D. at 176 ("[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved."); *K.W. v. Holtzapple*, 299 F.R.D. at 442 ("[T]he public has a compelling need to protect identities to promote disclosure by [sexual assault] victims."). There is an analogous public interest in protecting the identities of plaintiffs who suffer from mental illness. *Doe v. Hartford Life & Acc. Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006) ("[T]here is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. However, this goal cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps[.]") Finally, factor (6) also supports Plaintiff, because she does not appear to have "illegitimate ulterior motive" for using a pseudonym.

The two remaining *Megless* factors that support the use of a pseudonym do not apply here. Plaintiff represents that she will pursue this action even if the Court requires her to disclose her identity. (Pl.'s Opp., ECF No. 29, at p. 15). Additionally, there is no "atypically weak public interest in knowing the litigant' identities…because of the purely legal nature of the issues presented or otherwise." The public disclosure of a plaintiff's name is not critical if the plaintiff's claims do not depend on his or her individual identity. For example, the court allowed plaintiffs, who were previously convicted of sex offenses, to proceed anonymously in a case challenging the constitutionality of Megan's Law amendments. The plaintiffs' facial challenge to the amendments did not depend on the facts of their individual cases. *L.A. v. Hoffman*, No. CIV.A. 14-6895 FLW, 2015 WL 4461852, at *2 (D.N.J. July 21, 2015). Unlike the claims in *Hoffman*, Plaintiff's Title IX and NJLAD claims are individualized and highly fact-intensive.

The *Megless* factors that cut against Plaintiff's use of a pseudonym do not tip the balance in favor of Defendants' Motion. The Court acknowledges "the thumb on the scale that is the

universal interest in favor of open judicial proceedings." *Megless*, 654 F. 3d at 411. Next, the Court must consider "whether, because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities." Neither Plaintiff nor the individual Defendants are public figures. With respect to the subject matter of the litigation, the public's interest cuts both ways. Plaintiff's allegations against Dr. Adam and her allegation that Rutgers, the largest public university in the state, violated Title IX and NJLAD by mishandling those allegations are matters of intense public interest. However, when litigation involves "a member of a particularly vulnerable class" or "the subject matter is highly personal," the "public has an interest in protecting the identity of the litigant." *Doe v. Rider Univ.*, 2018 WL 3756950 at *3. Here, Plaintiff alleges that she is a victim of sexual assault, and the Complaint includes detailed information about intensely personal matters. Allowing Plaintiff to proceed as Jane Doe while preserving the public's right to access the docket and proceedings in this case strikes the appropriate balance between these competing interests. *See, e.g., L.A. v. Hoffman*, 2015 WL 4461852, at *3 (granting plaintiffs' motion to proceed anonymously and observing that "although the identities of the Plaintiffs will not be included in the filings in this matter, the public will maintain access to the docket and filings in this case.")

Finally, the Court considers whether Defendants, the press, or the public have an illegitimate motive for opposing Plaintiff's use of a pseudonym. Dr. Adam contends that he is motivated by "the entirely appropriate" "desire to defend his own reputation in this federal public court forum." (Def.'s Br., ECF No. 23-10, at p. 13). The Court is not aware of any opposition to Plaintiff's use of a pseudonym by Rutgers, the public, or the press.

In sum, the Court concludes that under the *Megless* balancing test, Plaintiff may continue to pursue this litigation under the pseudonym Jane Doe.

## IV. CONCLUSION

It is on this 30th day of April, 2019, hereby

**ORDERED** that Defendants Nabil Adam and Periklis Papakonstantinou's Motions to Compel Plaintiff to File an Amended Complaint Using Her Legal Name are **DENIED;**

**ORDERED** that the Clerk shall terminate ECF No. 23 and ECF No. 26.

    *s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**